IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KING VISION PAY-PER-VIEW, LTD.,

    Plaintiff,                             No. CIV S-04-2004 RRB KJM

    vs.

MIGUEL ARROYO, et al.,

    Defendants.                    FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff's motion for default judgment against defendant Arroyo is pending before the court. Upon review of the motion and the supporting documents and supplemental briefing, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        The complaint in this matter was served upon defendant and proof of service was filed March 3, 2005. Cf. Pacific Atlantic Trading Co. v. M/V Main Express, 758 F.2d 1325, 1331 (9th Cir. 1985) (noting that default judgment void without personal jurisdiction). The Clerk of the Court entered default against defendant Arroyo on April 4, 2005.

        Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party. Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977). Entry of default judgment is proper where, as in the present case, the facts established by the default support the causes of action pled in the complaint.

1    In this action, plaintiff seeks statutory damages under 47 U.S.C. § 605 and 47
2 U.S.C. § 553 as well as damages for conversion.  Under section 605, statutory damages may be
3 awarded between $1,000 and $10,000 for violation of the Federal Communications Act and up to
4 $100,000 when the violation "was committed willfully and for purposes of direct or indirect
5 commercial advantage or financial gain."  47 U.S.C. § 605(e)(3)(C)(ii).  Statutory damages are
6 allowed under section 553 of $250 to $10,000 or up to $50,000 for willful violations.  47 U.S.C.
7 § 553(c)(3).  Here there is no evidence of multiple violations or that the defaulting defendant
8 intended to or actually profited from the violation.  This court therefore will recommend statutory
9 damages in the amount of $10,000.  Because statutory damages under section 553 would be
10 cumulative, the court declines to recommend an award under that section.  <u>See generally</u>
11 <u>Kingvision Pay Per View, Ltd. v. Ortega</u>, 2002 WL 31855367 (N. D. Cal. 2002).  Inasmuch as
12 plaintiff seeks statutory damages rather than actual damages, plaintiff's request for damages for
13 conversion should be denied.  Plaintiff has submitted counsel's affidavit regarding costs and
14 attorney's fees and the court finds the amount reasonable.
15    Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for entry
16 of default judgment against defendant Arroyo be granted in the amount of $10,000 in damages,
17 $2,653 in attorney's fees and $665 in costs.
18    These findings and recommendations are submitted to the District Judge assigned
19 to this matter, based on the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being
20 served with these findings and recommendations, any party may file written objections with the
21 court and serve a copy on all parties.  Such a document should be captioned "Objections to
22 /////
23 /////
24 /////
25 /////
26 /////

1  Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served
2  and filed within ten days after service of the objections. The parties are advised that failure to
3  file objections within the specified time may waive the right to appeal the District Court's order.
4  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
5  DATED: March 22, 2006.

　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

006
kingvision.defjud